McKinney, J.
delivered the opinion of the court.
This is an action of ejectment. The lessors of the plaintiff and the defendants,' both derive title to the land described in the declaration, through James M. Henderson, as follows:
*693 The said James M. Henderson, on the 22nd day of January, 1841, conveyedhis interest in said land, by deed of trust, to A. A. Henderson, as trustee, to secure the amount of two judgments, one in favor of R. Henderson, and the other in favor of Hamilton & Henderson, amounting together to the sum of $250. The condition stipulates, that if the said James M. Henderson, or his representatives, should pay said sum of money on the 5th day of February, 1841, “then this deed shall be void, but not otherwise — the said A. A. Henderson, before exposing to sale the above property, first giving the undersigned, James M. Henderson, ten day’s notice of the place and time of sale.” The money not being paid on the day stipulated, the trustee sold the land iii controversy, under the deed of trust on the 17th day of February, 1841, and R. H. Henderson and D. D. Hamilton became purchasers, they being the creditors provided for in said deed. The trustee, on the same day of the sale, executed a conveyance to the above named purchasers, in which it is recited, that previous to the sale, he gave to said James M. Henderson “ten day’s notice, also advertised for ten days at three public places,” &c. On the Sth day of February, 1845, said D. D. Hamilton conveyed his interest to S. C. Pavatt, in said land. James M. Henderson, on the 4th day of January, 1842, executed a second deed of trust, whereby he conveyed the same land, together with other property,to C. S. Woods, as trustee, to secure a debt of $950, due to the defendants, Thos S. and R. Galloway; and empowered said trustee, on failure to pay the debt in. twelve months, to make sale of the property conveyed, &c. The money was not paid,, and on the 3rd day of June, 1844, the land in dispute was sold, pursuant to the deed of trust, the defendants became the purchasers, and on the same day received from the trustee a conveyance.
The only evidence introduced on the trial, as appears from *694 the bill of exceptions, was the deposition of A. A. Henderson, the trustee in the first deed of trust, taken on behalf of the lessors of the plaintiff, for the purpose of showing that notice had been given to James M. Henderson, as required by the deed,' previous to the sale. The witness in his examination in chief says, his impression is, that he g'ave to James M. Henderson the notice required in the deed, and also gave written notice at three different places in the county. On cross examination, he said, that he had kept a copy of the advertisement, with S. C. Pavatt’s memorandum thereon, that he saw it posted at the store of Henderson, in Huntingdon; but that he had no copy of any personal notice to James M. Henderson, and in fact he was not confident that he gave any such notice.
The court instructed the jury, in substance, that if it were proved that notice had been given to James M. Henderson, by the trustee, as required by the deed of trust, the lessors of the plaintiff would have the older and better title, and would be entitled to recover the land sued for; but it must appear that such notice, either verbal or written, had been given to said James M. Henderson, and that notice, by advertisement, put up at public places in the county, would not suffice, unless it were proved that said Henderson had seen such notice. The court further charged, that the recital in the deed, made by the trustee to Henderson & Hamilton, that he had given the notice as required by the deed of trust, would not, as against the defendants, be prima facie evidence of the fact of his having done so.- The court also charged, that the deed from the trustee to Hamilton & Henderson, was not an assignment of the mortgage or deed of trust, but an absolute conveyance of the estate. The jury found a verdict for the defendants, upon which judgment was rendered. The court ’having refused to grant a new trial, • a writ of error was prosecuted to this court.
*695 We think there is no error in this record to the prejudice of the plaintiffs.
1st. The position assumed for the plaintiffs in error, that the conveyance made by the trustee, A. A. Henderson, pursuant to the trust sale, ought to be held to operate as an assignment of the interest in the deed of trust, and that the lessors of the plaintiff were thereby vested with the legal title to the land sued lor, is wholly untenable. The power of sale conferred upon the trustee in this case was a special, limited power, and its exercise conditional, dependant upon the failure of the maker of the deed to discharge the debt within the time stipulated. The specific mode of executing the power was prescribed in the deed, and none other could be adopted by the trustee. There was no authority, express or implied, communicated to him in any event, either to assign the deed of trust or interest in the land, or to delegate the trust to another. But, even if power to assign had been expressly given, the conveyance executed to Henderson & Hamilton in this case, would have been an unauthorized and void execution of such power. It does not purport to be an assignment of the mortgage or deed of trust, bat an absolute sale and conveyance of the estate.
2. When by the terms of the deed, the trustee is required before making sale, to give notice to the bargainor of the time and place of sale, the giving of such notice is in the nature of a condition precedent; and if not complied with, the sale is unauthorized and void, and will communicate no title to the purchaser. And if the requirement be that personal notice shall be given, the trustee cannot substitute notice by advertisement in a newspaper, or at some public place or places, because not within the scope of his authority, and also because such a departure on the part of the trustee, might be made to defeat the very object of the requirement, by enabling him to sell the property without the knowledge of the party making *696 the deed. The matter of fact as to whether or not notice was given, was submitted to the jury upon a charge exceedingly favorable t.o the plaintiffs, to say the least of it; and. we are not prepared to say that they did not arrive at the proper conclusion.
3. The charge of the court in regard to the effect of the recital of notice in the deed made by the trustee to the purchasers, was strictly correct. The recital of notice in a sheriff’s deed, bears no analogy to this case. The return or recital of a sheriff, being the official act of a public ministerial officer, made upon oath, and pursuant to an authority conferred upon him by law, has very properly been held to be, at least, prima facie evidence against third persons; but no such effect ever has been, or can be given to the act of a mere private individual.
We do not think, as insisted upon by the counsel of the defendants, that the sale made by the trustee was void, because' the deed did not confer upon him, in terms, a power to sell. The deed must be construed according to the obvious intention of the parties. It must be taken that they intended the deed should have some effect; and it should be so expounded as to render it operative in-effecting the purpose and object which it was designed to accomplish; Where the intention of the parties is manifest,'it must prevail, although it be not fully or clearly expressed, or even although it may not seem consistent with the terms actually employed. There is no difficulty upon this point. The conveyance to the trustee for the purpose of securing debts, and the express provision contained in the deed, that before exposing the property to sale, the trustee should first give ten day’s notice, necessarily imply a power to sell the land, and indeed admits of no other construction.
Let the judgment of the circuit court be affirmed.